By the Court.—Monell, J.
It is understood that the complaint in this case was dismissed, on the ground of insufficiency of proof of the plaintiff’s title to the disputed lands, and not on the ground that the, evidence had established an adverse possession in the defendants, and the,former was the only point argued on the appeal.
The only evidence which went to establish title, was that of the witness Serrell, who testified to a survey made by himself, upon the basis of the Bayard ’East farm map. That survey shows an encroachment by the defendants upon the plaintiff’s lot.
In both deeds, as well the defendant’s as the plaintiff’s, the lots are described by certain numbers upon the map of the lands of Nicholas Bayard, the plaintiff’s lot being No. 1,156, and the defendant’s No. 1,155, upon such map. And the lots then designated, are supposed to be of the diminsions of twenty-five feet wide and one hundred feet deep.
The accuracy of the survey made by Mr. Serrell depends upon whether the map now on file in the register’s office, and designated as Map No. 386, is a correct j copy of the original East farm of the Bayard estate.! If it is, then the evidence and survey of Serrell made \ out a prima facie case for the plaintiffs. '(
Mr. Serrell testified that he had surveyed the two lots upon the basis of the Map No. 386, and that the *165 true line between the lots of the plaintiffs and the defendants was shown upon the diagram of his survey, by the dark line drawn between the lots. And the present possession of the defendants also appearing upon such survey and diagram, and designated by the faint lines, it appears that such possession encroaches upon the plaintiff’s lot to the extent claimed in the complaint, unless it can be accounted for by what Mr. Serrell calls “surplus” land.
The real difficulty, however, was in establishing that Map No. 386 was a copy of the Bayard East farm map. The evidence on that subject was very slight. Mr. Serrell, who was the only witness examined in regard to it, did not make it very clear. At first he said he had never seen the original map. Subsequently, upon being recalled, he said he thought he had seen the true East farm map, and that upon making a survey some twenty years since, he made extracts from it, which he had compared with the copy now on file, and that they corresponded. Afterwards he said, he would swear that he had seen an original map of the Bayard farm, as far back as the year 1845.
He further testified that the copy Map No. 386, in the register’s office, had for many years been the standard for surveys by city surveyors.
Upon all the testimony, if the jury had found that the lines indicated upon Mr. Serrell’s diagram of his survey, were the correct line between the plaintiff’s and defendant’s lots, I do not think the court would have set it aside, as being unsupported by, or against the clear weight of the evidence.
We think, therefore, that there was enough to have carried the case to the jury, and to have put the defendants upon their defense..
The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.